No. 52.—SEBASTIAN C. GRENVILLE, administrator, &c. plaintiff in error, *vs.* GEORGE W. CRAWFORD, defendant in error.

[1.] L. assigned to C., a creditor, a life policy, stipulating that should he die without discharging C.'s demand, C. was to hold the same as collateral security to pay his debt, and then to turn over the balance to L.'s widow. L. died, leaving the whole of C.'s debt unpaid: *Held,* that the widow, and not the administrator of L., (there being no creditors,) was entitled to the residue of the fund after satisfying C.'s claim.

Action, in Richmond Superior Court. Tried before Judge STARNES.

For the facts of the case, see the decision of the Court.

JAS. T. GOULD, for plaintiff in error.

A. J. & T. W. MILLER, for defendant in error.

*By the Court.*—LUMPKIN, J. delivering the opinion.

[1.] Augustus Lafitte, on the 28th day of March, 1851, absolutely and unconditionally assigned to George W. Crawford, a policy of insurance on his life, for $3,000; and on the 1st day of April thereafter, obtained from Mr. Crawford an instrument of writing, acknowledging the receipt of such policy, as collateral security for the payment of $1,500, and interest thereon, on three promissory notes therein described, and stipulating, that should the said Augustus Lafitte die before the notes were paid, that after deducting the amount due Crawford, he, Crawford, should pay over the balance to the wife of the said Augustus, Mrs. Anna M. Lafitte, in the absence of any legal process by the creditors of the said Augustus.

Lafitte died without discharging his debt to Crawford, or any part thereof; the policy has been collected, and the bal-

ance paid over by Crawford to Mrs. Lafitte—he taking a guar-
antee from her attorney, that he should be saved harmless from
the claim of the legal representatives of Lafitte. And this
action is brought by the administrator of Augustus Lafitte, to
recover of Crawford the balance so paid by him to Mrs. La-
fitte, as assets of the estate of his intestate.

Is the plaintiff entitled to recover? or is Mrs. Lafitte enti-
tled to the residue of the policy, after deducting the amount of
Crawford's debt, as against the administrator?

It is insisted on the part of the plaintiff, that this transac-
tion is a mortgage, and that Augustus Lafitte being entitled to
redeem the policy, by the payment of Crawford's debt, during
his lifetime, that the same right descends to his legal repre-
sentative. Concede that this whole transaction, taken togeth-
er, constitutes a mortgage, so far as Crawford, the creditor, is
concerned, still it is something more. It not only provides
for the satisfaction of Crawford's debt, but it secures the re-
mainder of the fund to Mrs. Lafitte. Mrs. Lafitte, under this
contract, took a contingent estate in this surplus, revocable by
the payment by her husband, in his lifetime, of Crawford's
debt; and Lafitte having died without discharging Crawford's
demand, the interest of his widow became thereby vested and
indefeasible.

For it by no means follows that, because Lafitte himself
could, by the terms of the agreement, revoke the voluntary
settlement made for the benefit of his wife, that the same
right descended to his administrator. Yet this assumption is
indispensably necessary to sustain this suit. On the contrary,
Mrs. Lafitte's right was not consummated until the death of
her husband. She was only entitled to the balance in the
event of her husband's dying without satisfying Crawford's
claim. His death, therefore, was a material link in the chain
of her title to this fund. That event put it out of the power
of the administrator, or any body else, except the creditors of
her husband, (and it does not appear that there are any,) to
defeat her right.

The administrator might still, perhaps, have had the right

to pay Mr. Crawford's debt out of the general funds of his intestate's estate; but that would not have discharged the policy from the trust created by the husband, to make provision for his wife, as to the overplus. Nor could the trust fail for want of a trustee. A Court of Chancery would appoint a trustee to protect it.

But is it true, as has been contended, that the discharge of his debt by the administrator, would have dissolved Mr. Crawford's connection with this fund? We apprehend not. In addition to the collection of his own demand, he undertook to pay the balance to the widow, and the legal title to this balance remained in his hands for this purpose, and until this was done.

Our judgment consequently is, that Mrs. Lafitte, and not the administrator of her deceased husband, is entitled to this money.