Jackson, C. J.
1. Where counsel agreed to try a case before the presiding judge, “who may direct the jury what verdict to find as between^complainant and defendant, all questions being left to his decision upon the following agreed statement of facts,” and no right of exception was reserved, was not this a submission of the case to the arbitration of the judge, and could exception be taken to his decision? Quere?
2. Where a husband made a policy of life insurance payable to his wife at his death, it became her property, and if she transferred it to a creditor of her husband to secure his debt, such transfer was void; and *204 if after his death, without any other consideration she ratified such transfer, it would still be void, and the ratification wnuld not render i.t valid.
J. VV. Akin, for plaintiff in error.
J. A. Baker, for defendants.
8 Section 2820 of the Code, which enacts that '“the assured may din-ct the money to be paid to his personal representatives or to his widow or to his children or to his assignee; and upon such direction given and assented to by the insurer, no other person can defeat the same, but the assignment is good without such assent,’’ controls this ■case. The assured directed the money paid to his wife; he made no change, and no other person can do so.
(a.) This principle is codified from 13 Ga., 355, and the obiter dicta in that decision do not modify it.
Judgment affirmed.