## SPROUSE et al. v. SKINNER et al. (Two Cases.)

The life-insurance policy under consideration in this case was payable to the executors, administrators, or assigns of the assured, and was assigned by written transfer to a creditor of the assured, which assignment was in the following language: "For value received I hereby assign and transfer unto C. W. Skinner of Waynesboro, Ga., so far as his interest shall appear, all my right, title, and interest in policy No. 14900, issued by the Reliance Life Insurance Company of Pittsburgh, Pennsylvania, upon the life of David Y. Sprouse of Waynesboro, Ga., and dated the 5th day of June, 1908. Witness my hand and seal." The assignee named in the writing was a creditor of the assured. *Held,* that the written assignment vests the title to the policy of insurance in the assignee, the interest of the latter therein being equal to the amount of the debt intended to be secured by the assignment of the policy.

Nos. 3295, 3296. FEBRUARY 16, 1923.

Interpleader.    Before Judge Hammond.    Richmond superior court.    June 6, 1922.

The Reliance Life Insurance Company, brought a petition for interpleader against Charles W. Skinner, creditor, holding an assignment of a policy of insurance issued by said company upon the life of David Y. Sprouse, and against Mrs. Sarah Jane Sprouse as administratrix, and as widow claiming a year's support for herself and minor children of the deceased insured.    The case was tried upon an agreed statement of facts, and a judgment was rendered by the court, awarding the funds of the policy to said Skinner, the creditor.

On June 5, 1908, the insurance company issued to David Y. Sprouse, its policy of insurance in the sum of $5000, which by the terms thereof was made payable to the executors, administrators, or assigns of the assured.    On July 3, 1908, the assured, being indebted to Charles W. Skinner in a sum in excess of $5000, for the purpose of securing the indebtedness executed in duplicate a written transfer and assignment (upon printed forms furnished by the company) of the insurance policy to Skinner.    The assignment reads as follows:    " For value received I hereby assign and transfer unto C. W. Skinner of Waynesboro, Ga., so far as his interest shall appear, all my right, title, and interest in policy No. 14,900, issued by the Reliance Life Insurance Company of Pittsburgh, Pennsylvania, upon the life of David Y. Sprouse of Waynesboro, Ga., and dated the 5th day of June, 1908.    Witness my hand and seal, this 3rd day of July, nineteen hundred and eight.    David Y. Sprouse [Seal.] "    This assignment was duly acknowledged before a notary public; both copies were forwarded to the insurance company, and one copy was retained by the insurance company and the other copy returned either to Skinner or Sprouse, who attached it to the policy; and the policy, with the assignment attached, was delivered to Skinner as security for the indebtedness then due by Sprouse to him.    Skinner retained the policy, together with the assignment, until after the death of Sprouse, and after the bringing of the petition for interpleader, when the same was deposited in the clerk's office at the same time the funds were paid over by the insurance company to the clerk under the order of the court in this case.

On December 29, 1911, Sprouse liquidated his indebtedness to

Skinner by executing and delivering his promissory note, under seal, for the principal sum of $6531.85, it being written below the printed form of the note that "all security held, including insurance policy, is subject to this note." Sprouse died intestate on October 6, 1921, with the insurance still in force. Satisfactory proofs of death, in accordance with the terms of the policy, were submitted to and accepted by the insurance company. The balance of the indebtedness due by Sprouse to Skinner, as represented by the note and secured by the transfer of said policy, amounted, on January 1, 1922, to the sum of $7081.66. After the death of the assured, Mrs. Sarah Jane Sprouse, the widow, applied for a year's support, and had set apart to her and to the minor children of the deceased $2500 from the proceeds of the policy of insurance. She also applied for and obtained permanent letters of administration upon the estate of Sprouse, and she contended that $2500 of the proceeds of the insurance money should be paid over to her in settlement of the judgment for year's support, and that the remaining $2500 of insurance money should be paid to her as administratrix of the estate of the decedent, for the purpose of administration. Skinner insisted that as he was the holder of title to the policy of insurance under the written transfer and assignment, and as the indebtedness due to him and secured by the transfer exceeded the amount thereof, the entire proceeds of the policy should be paid to him. The court sustained the position of Skinner and awarded him the entire proceeds of the policy. To this judgment Mrs. Sprouse excepted both as administratrix and as widow.

*Hamilton Phinizy* and *Sam F. Garlington,* for plaintiffs in error.

*Cumming & Harper* and *Callaway & Howard,* contra.

BECK, P. J. (After stating the foregoing facts.) The court below, to whom the case was submitted on the pleadings and agreed statement of facts, held and ruled that the assignment and transfer of the policy involved in this case by the assured to his creditor transferred title in the policy to the latter as security for the indebtedness due him; and thereafter, it appearing that at the time of the death of Sprouse he was indebted to Skinner in a sum in excess of $5000, the amount of the face of the policy, the court held that the assignee or transferee of the

policy was entitled to the entire proceeds thereof under the transfer and assignment, and rendered a judgment accordingly. To this judgment plaintiff in error excepted. We are of the opinion that the court properly construed the written assignment of the policy of insurance and gave it the effect which under the law and the facts of the case it should have been given. Section 3653 of the Civil Code reads as follows: " All choses in action arising upon contract may be assigned so as to vest the title in the assignee, but he takes it, except negotiable securities, subject to the equities existing between the assignor and debtor at the time of the assignment, and until notice of the assignment is given to the person liable." Section 2498 provides to whom the money due on a life-insurance policy shall be paid, and reads as follows: " The assured may direct the money to be paid to his personal representative, or to his widow, or to his children, or to his assignee; and upon such direction given, and assented to by the insurer, no other person can defeat the same. But the assignment is good without such assent." Under the first of these two sections, the policy of insurance may be so assigned as to vest title in the assignee, and under the other the assured is expressly given the right to make the money due on a policy payable to his assignee; and where the policy of insurance, as in the present case, is made payable to the executors, administrators, or assigns of the insured, a written assignment of such policy to the person having an insurable interest in the life of the insured passes the title to the assignee, where it appears as in the present case that it was intended to vest the title in the latter.

In the case of *Steele* v. *Gatlin*, 115 *Ga.* 929 (42 S. E. 253, 59 L. R. A. 129), it was said: " 1. A policy of life-insurance is a chose in action, even before the death of the insured. 2. To vest the legal title to a policy of life-insurance in an assignee, it is essential that the assignment should· be in writing." In the body of the decision we· find· the following: " A policy of life-insurance, being a chose in action arising upon a contract, may, under the provisions of our code, be assigned so as to vest the title in the assignee. Civil Code, § 3077 [1910, § 3653]. But ·such assignment must be in writing. *Turk* v. *Cook*, 63 *Ga.* 681; *Planters' Bank* v. *Prater*, 64 *Ga.* 613; *Hartford Fire Ins. Co.* v. *Amos*, 98 *Ga.* 533, 534, and cases cited. The code provisions

in reference to fire-insurance are, wherever applicable, equally the law of life-insurance. Civil Code, § 2117 [1910, § 2499]. In *Saint Paul Ins. Co.* v. *Grocery Co.,* 113 *Ga.* 786, it was held that an assignment of a policy of fire-insurance must be in writing. In the opinion Mr. Justice Fish says: 'The Civil Code, § 2089 [1910, § 2470], requires that a contract of fire insurance must be in writing. As an assignment of an insurance policy with the assent of the company is a new contract of insurance between it and the assignee, it must, under the provisions of this section of the code, be in writing.' In the case of the *Hartford Fire Ins. Co.* v. *Amos,* supra, and in the case of *National Fire Insurance Co.* v. *Grace,* 106 *Ga.* 264, it was held that in order to transfer the legal title to a policy of fire-insurance the assignment must be in writing. As the assignment of a policy of fire-insurance, in order to be valid, must be in writing, so, under the provisions of our code making the principles relating to fire-insurance, wherever applicable, apply equally to the law of life-insurance, an assignment of a policy of life-insurance must be in writing in order to vest the title in the person claiming to be the assignee."

See, in this connection, the case of *Grenville* v. *Crawford,* 13 *Ga.* 355. In the case of *Atlanta Savings Bk.* v. *Downing,* 122 *Ga.* 692 (51 S. E. 38), the right of an assignee of the life policy was involved. One Downing was an assignee. In the case it is said: "It is clear that Downing had legal title to the policies by virtue of his assignment. *Liverpool Ins. Co.* v. *Ellington,* 94 *Ga.* 785. Downing informed the insurance company what was the extent of his interest in the policies. He had a right to control the amount due on the policies, and to be first reimbursed therefrom. He consequently had a right to direct the company to retain the amount due him, or pay over that sum to him, before the balance of the amount due on the policies was paid to Beach. . . It was the plain duty of the bank, before making the loan to Beach, to make inquiry of Downing to see if he had been paid. Knowing that Downing had legal title to the policies under his assignment, it knew that Beach could assign to it only such interest in the policies as he had after Downing was paid." Other cases supporting the rule laid down might be cited, but we do not think it necessary; for we look to the plain terms of the

statute which we have quoted above as to the assignment of choses in action. We do not think that the fact that the company gave a form of assignment, where it was intended that the policy under the assignment should be merely as collateral security, could alter the effect of the language. Nor do we think that the words, "so far as his interest shall appear," require a different construction of the assignment; for, though title to the policy passed, the creditor's, transferee's, only interest under the policy was to the extent of his debt; for if the amount of the policy in this case had been greater than the debt which it was transferred to secure, the excess would have been paid over as provided in the policy. In the case of *Morris* v. *Ga. Loan &c. Co.,* 109 *Ga.* 12 (34 S. E. 378, 46 L. R. A. 506), it was said: "A creditor of a person having his life insured, who takes an assignment of the policy to secure his debt, is only entitled to retain, after collection of the policy, such an amount as is sufficient to pay the debt together with all advances the creditor has made to keep the policy in force. If a balance remains, the payees named in the policy are entitled to receive it. Accordingly, where the amount of the debt is in issue, it must be ascertained, like any other question of fact, by the verdict of the jury." See also 2 May on Ins., § 459; *Exchange Bank of Macon* v. *Loh,* 104 *Ga.* 446 (31 S. E. 459, 44 L. R. A. 372), where other cases are cited laying down the doctrine announced.

We are of the opinion that the assignment as here written, which contains the words, "so far as his interest shall appear," has the same effect as a written transfer or assignment not containing these words. The law itself would have written this stipulation in the assignment. The written assignment of the policy involved in this case contains the words, "assign and transfer . . my right, title, and interest in," etc.; and those words, in connection with the provision contained in section 3653 of the Code, that all choses in action arising upon contract may be assigned so as to pass the title to the assignee, are controlling in this case, and the judge below properly so held.

The ruling made above is controlling in both of the cases stated above, and under it the judgment is

*Affirmed. All the Justices concur.*