HULSEY v. COTTON STATES FERTILIZER CO.[*]

No. 6001.

Circuit Court of Appeals, Fifth Circuit.

Dec. 8, 1930

Fred L. Brewer and G. Fred Kelley, both of Gainesville, Ga., for appellant.

T. Baldwin Martin, of Macon, Ga. (Martin, Martin, Snow & Gillen, of Macon, Ga., on the brief), for appellee.

Before BRYAN, FOSTER, and WALKER, Circuit Judges.

FOSTER, Circuit Judge.

In this case the facts are undisputed. In April, 1927, Ansley A. Reese was indebted to the Southern States Fertilizer Company, appellee, in the amount of $3,949.37, and on April 7th of that year he executed an assignment of a life insurance policy to it, which, omitting immaterial parts, was as follows:

"For value received, I hereby transfer, assign and set over absolutely unto Cotton States Fertilizer Company (as its interest may appear), all my right, title and interest in Contract No. N488–480 issued by the Ætna Life Insurance Company, of Hartford, Conn., on the life of Ansley A. Reese, and all benefit and advantage to be derived therefrom."

At the same time he executed a promissory note, due October 1, 1927, for the amount then owing and bearing 8 per cent. per annum interest. The note was evidently made out on a printed form of pledge note and contains provisions maturing the debt in the event of bankruptcy, waiving homestead and other exemptions, and giving the holder the right to sell securities pledged. It occupies four pages of the printed transcript. It is unnecessary to quote it in full, except a part, as follows:

"* * * Having deposited herewith as general collateral security for the payment of this note and any and all other liability, direct or indirect, joint or several of the undersigned or either of them, to the payee or holder hereof, already existing or which may hereafter arise, and whether due or not due, the following property, viz: Assignment of Life Insurance Policy as follows: Number N488–480 in the Aetna Life Insurance, Hartford, Conn., for $5,000.00."

The note was never paid, but was renewed when necessary. Reese died on April 13, 1930. By that time appellee had paid premiums on the insurance policy amounting to $553.96, which, together with accrued interest, left the amount owing to appellee at $5,093.97. Both appellee and appellant claimed the proceeds of the policy. The insurance company filed a bill of interpleader and deposited the amount in court. Construing the note and the assignment together, the District Court reached the conclusion that the assignment vested full title in appellee and entered a decree accordingly.

It is contended by appellant that the language of the note should be given preference; that the part above quoted shows that the policy was merely pledged as collateral security; that therefore the policy should be paid to the administrator, in order to settle the estate and provide the widow with a year's support, which she would be entitled to under the law of Georgia in preference to a mere pledgee.

Appellee contends that the assignment vested full title to the policy in it to the extent of the debt and it is not affected by the reference to it in the note.

It would be useless to review the authorities cited by appellant to the effect that title to property pledged as collateral security vests in the administrator as that question is not presented in this case. The assignment was valid and complete. It is clear that Reese intended to convey full title to appellee by the assignment, in payment of his existing debt. It was not necessary to mention the assignment in the note in order to vest title in appellee, and it must be considered as a mere memorandum not having the legal effect of modifying the terms of the assignment. Georgia Civ. Code 1910, § 2498; Sprouse v. Skinner, 155 Ga. 119, 116 S. E. 606; McCullough v. Citizens' & Southern Bank (Ga. Sup.) 154 S. E. 267.

Affirmed.