GROVES, ordinary, for use, *vs.* WILLIAMS.

1. An absolute deed, though made as a security for a debt, passes title, and a judgment subsequently rendered against the grantor, has no lien on the land which can be enforced by levy and sale until the title can become reinvested by redemption.

2. Where a plaintiff in *fi. fa.* submits his proof to the jury with no motion to dismiss or withdraw the levy, he cannot complain after verdict against him that the levy should have been dismissed; certainly not where a question of fact, such as the respective dates of a deed and the judgment on which the *fi. fa.* is founded, is involved.

3. While at law the interest of the grantor in an absolute deed to secure a debt is not subject to levy, it is not ruled that in such a case as this the plaintiff would be remediless in equity.

September 19, 1882.

Equity. Judgments. Title. Levy and Sale. Before Judge WELLBORN. White Superior Court. April Term, 1882.

Reported in the decision.

H. H. PERRY, for plaintiffs in error.

C. H. SUTTON ; L. E. BLECKLEY, for defendant.

SPEER, Justice.

The plaintiffs in error caused to be levied certain *fi. fas.* in their favor against C. L. Williams, Sr., said levy being as follows: " The equity of redemption of C. L. Williams being C. L. Williams' interest in the following property, to-wit: certain parcels of land in the 3d district of originally Habersham, now White county, known as lot number 87, known as the Cass place, and parts of lots numbers 73 and 56, the said three parcels containing 400 acres, more or less, and being the home place of C. L. Williams, said property having been conveyed to one James Glenn by deed, dated August 6, 1878, to secure a debt of $600 00, said C. L. Williams' interest in said property being the right to repay said sum, and upon so doing, to have the

absolute title vested in him to said property, at the date of said levy the same being in possession of C. L. Williams, the defendant." As against this levy, the defendant in error interposed his claim. The judgments were rendered 14th December, 1880.

The claimant introduced a deed from the defendant to one James Glenn for the lands in controversy, dated 26th August, 1878, and a deed from Glenn to himself, dated 27th July, 1880. It also appeared in evidence that the deed to Glenn, though absolute on its face, was executed and delivered to him as a security for a debt he had incurred for defendant; that subsequently the claimant paying the debt for the defendant, at his request, Glenn conveyed the land to claimant to secure him. It was admitted the conveyances were both made in good faith and without fraud, and the main question presented here is, when the defendant had thus, in good faith, parted with the title to secure a debt, and had never repaid the amount, whether he had such a levyable interest in said property as that the liens of judgments of younger dates than the conveyances would attach thereto and be the subject of levy and sale at law.

1. We are of opinion that the question here presented has been decided by this court in the case of *Phinizy vs Clark*, 62 *Ga.*, 623. In that case, it was adjudged "as an absolute deed, though made as security for a debt; passes title, a judgment subsequently rendered against the grantor has no lien upon the land that can be enforced by levy and sale, until the title can become revested by redemption." The court say: "The real object of the conveyance, as appears by the parol testimony, was to secure a debt for borrowed money, which is still unpaid. That this form of security is valid, and when free from fraud or other infirmity, will be upheld, is now as well settled by the authority of this court as any rule of law can be. See *Braswell vs. Suber*, 61 *Ga.*, 398. Such security is not a mere lien, but title, subject to be divested by the payment

of the secured debt. The debtor himself may redeem, or his creditors may redeem, but until redemption, the legal title is out of the debtor and in the creditor. This being so, how is it possible for a judgment rendered against the the debtor subsequent to the conveyance to have a direct legal lien upon the premises, which can be enforced before redemption, by levy and sale?"

Applying the principle thus so clearly enunciated in the case cited to the case at bar, and under the evidence submitted, a verdict for the claimant was not only right, but was demanded, and, notwithstanding there may have been errors, yet the result reached, was both in conformity to the law and facts of the case on trial.

In the case at bar the entire legal title had honestly and in good faith passed from the defendant more than two years before the date of the judgment; there was no title in him upon which a lien of a judgment could attach at law at the date at which they were entered, and until the same revests in him by redemption, either by himself or by his creditors, we see no interest in the defendant upon which the liens of the judgments at law can attach.

2. It is claimed by plaintiff in error that the levy should have been dismissed and no verdict rendered. No motion of this kind appears to have been made, and moreover, the date of the deed and the date of the judgments were questions of fact for the jury, and upon these depended the issue thus tried at law.

3. While we hold that at law, under the facts disclosed, this property was not subject, we do not intend saying that in another forum the plaintiff in error would be remediless.

Judgment affirmed.