ROYAL, administrator, *v.* EDINBURGH-AMERICAN LAND
MORTGAGE COMPANY LIMITED.

1. Under the facts of this case, the petition filed by the administrator for
   the purpose of marshaling assets, and the order taken thereon, did not
   operate to prevent a creditor of the decedent, who held a deed to land to
   secure a debt, upon the subsequent happening of a default, from pro-
   ceeding to obtain judgment, file a deed, and sell the land as provided by
   the Civil Code (1910), §§ 6037, 6038.
(a) Where, upon the happening of a default, an action was brought by
   the creditor for the purpose of proceeding to subject the land in the
   manner pointed out in the statute, a plea called both one in abatement
   and in bar, setting up the filing of the equitable petition by the admin-
   istrator and the order taken thereon, was, under the facts, properly
   stricken on demurrer.
2. In such a case, where the note secured by the deed included a provision
   for the payment of attorney's fees, the filing of an equitable petition
   by the administrator to marshal the assets, and the order taken thereon,
   did not prevent the creditor from serving written notice on the admin-
   istrator and including attorney's fees in his suit, in accordance with
   the Civil Code (1910), § 4252.

APRIL 16, 1915.

Complaint. Before Judge George. Crisp superior court. Feb-
ruary 26, 1914.

John Henry Bedgood gave to the Edinburgh-American Land
Mortgage Company Limited a promissory note dated October 4,
1909, and due October 4, 1919, for the principal sum of $6,000,
with interest at seven per cent. per annum, payable annually, for
which interest coupon notes were annexed to the principal note.
The note included this provision: "And should any default be
made by me in the payment of either interest coupons hereto an-
nexed, as stipulated, then the principal of this obligation, in the
discretion of the holder, shall become due and payable at the date
of such default, regardless of the date of maturity." To the No-
vember term, 1913, of the superior court, the payee filed suit against
the maker, setting out the clause of the note above quoted, and
alleging that a similar clause was included in a deed given to secure
the debt, that default had been made in the payment of the interest
coupon due on October 4, 1913, and that the plaintiff exercised the
right to declare the entire indebtedness due and to sue therefor.
The debtor having died, suit was brought against his administrator.
The note provided for the payment of ten per cent. attorney's fees,
if it should be placed in the hands of an attorney for collection.
The petition alleged that ten days notice of the intention to sue

had been given to the administrator, as required by the statute. The prayer was for a general judgment, and also for a special judgment against the property included in the deed given as security for the debt. The only plea or answer filed by the defendant was one which prayed that the action be declared to be both barred and abated as a whole, and especially as to attorney's fees, because, in August, 1913, the administrator had filed an equitable petition to marshal the assets of the estate, and an order had been taken thereon, and that this prevented the plaintiff from bringing the present action, or proceeding otherwise than by intervention in that case. In so far as it affects the present plaintiff, the administrator's petition and the order or interlocutory decree taken thereon are sufficiently set out in the opinion. On demurrer the plea was stricken. The case then proceeded to a verdict and judgment. The defendant excepted.

*E. F. Strozier* and *Hall & Dennard,* for plaintiff in error.
*Whipple & McKenzie,* contra.

LUMPKIN, J. (After stating the foregoing facts.)

1. There was no error in sustaining the demurrer to the plea which prayed that the action be held to be barred and also that it be abated. The plaintiff held a promissory note the principal of which fell due, unless accelerated, on October 4th, 1919. It contained a provision that if any default should be made "of either interest coupons hereto annexed, as stipulated, then the principal of this obligation, in the discretion of the holder, shall become due and payable at the date of such default, regardless of the date of maturity." Interest was payable annually on October 4th, and coupon notes therefor were attached to the note for the principal. A deed was executed by the debtor to secure the payment of the debt. This deed not only created a lien, but conveyed the title. Civil Code (1910), § 3306. As against the creditor, the debtor held only what might be called the equity of redemption, his interest being subject to the outstanding title. When he died, the fee-simple title to the land did not form a part of the assets of the estate in the hands of the administrator. The administrator could not destroy the right of the creditor to pursue his statutory remedy of obtaining judgment, executing a quitclaim deed to the land, levying on it and bringing it to sale, with the incidental priority of right as to payment from the proceeds, by merely filing a petition

for the marshaling of the assets of the estate, alleging insufficiency of assets to pay general creditors, and controversies among them. Civil Code (1910), §§ 6037, 6038. In the equitable petition of the administrator no attack was made upon this debt, or the deed executed to secure it, nor was it shown that there was any contest or conflicting claim in regard to them on the part of other creditors. It was alleged that the widow of the intestate, on behalf of herself and children, had filed an equitable petition against the administrator to establish a deed which it was alleged the intestate had executed to her, covering one of the lots of land included in the security deed, and praying that the administrator should marshal the assets and dispose of the other two lots for the purpose of discharging the loan, so as to clear her title. It was not alleged when this deed was executed by the intestate, or whether it was for a consideration or voluntary. It may be inferred that, after executing the deed to secure the debt, he made a voluntary conveyance to his wife of such interest as he had. By doing this he could not destroy the rights of his creditor, or confer on his wife the authority to do so. At the time when the administrator filed his petition to marshal the assets of the estate, in August, 1913, the principal of the debt was not due, nor was there any default in the payment of interest. So that, as matters then stood, the creditor held the title to secure an indebtedness the principal of which would not be due until 1919. The acceleration of the maturity of the principal because of a default in paying any installment of interest which might occur was within the discretion of the holder of the note, not within the discretion of the debtor or his administrator. The administrator doubtless realizing that a court of equitable jurisdiction would not, on such a case, decree that the title should be taken away from the creditor and sold years before the debt would become due, unless on a certain contingency, his petition seems to have been cautiously prepared so as not to make such an issue. It apparently treated the residue, or equity of redemption, as being the property of the estate. The creditor was not made a party, though the fact that it held the debt and deed was recited, and though certain other creditors were made defendants. There was no prayer directly against this creditor. No injunction was granted against it by name. A general order was granted, giving direction to the administrator in regard to assets, and authorizing creditors to in-

tervene for the purpose of establishing their claims. Inasmuch as, under the system of securing indebtedness by deeds with bonds for reconveyance, which is authorized by our statute, the debtor remains in possession,. at least until after default in payment, the order granted by the presiding judge directed the administrator to hold, as a separate fund, the rents collected from the lot to which the widow claimed a deed. The same judge who granted this order sustained the demurrer to the plea in abatement to the present action, based upon that proceeding. We need not discuss whether or not a possible case might arise involving conflicts or controversies in regard to a debt secured by a deed, which might authorize the court to interfere with the statutory proceeding by levy and sale, under an equitable petition for the marshaling of assets; or whether, if an injunction had been granted against a creditor whose debt was thus secured, and he had violated the injunction by beginning suit, the proper remedy would have been by a plea in bar, a plea in abatement, or an attachment for contempt. It is sufficient to say that, under the facts of this case, the plea, by whatever name called, was properly stricken on demurrer.

2. Under the Civil Code (1910), § 4252, an agreement to pay attorney's fees, in addition to principal and interest, contained in a promissory note, can not be enforced unless the holder of the note shall give to the debtor notice in writing ten days before bringing suit, and unless the debtor shall fail to pay the debt on or before the return day of the court. If the conditions of this statute are complied with, the attorney's fees included in the contract are treated rather as parts of the principal debt than as a penalty. *Morgan* v. *Kiser & Co.*, 105 *Ga.* 104 (31 S. E. 45), and citations. Having held that the filing of the equitable petition by the administrator and the order taken thereon did not enjoin the present plaintiff from pursuing his legal remedy on a default in payment of principal or interest, he was left free to exercise the right to give notice to the administrator in order to enforce the stipulation in the note for the payment of attorney's fees. Nor was this prevented by the inclusion in the order or interlocutory decree, taken on the petition of the administrator, directing him not to pay out any funds of the estate, except for certain specified purposes, without first obtaining authority from the court to do so.

In so far as the present plaintiff sought to obtain a general judg-

ment, enforceable otherwise than by sale of the land which was conveyed to secure the debt, perhaps there might have been ground for injunction, or, with proper pleading, perhaps the judgment in the present case might have been so shaped as to be enforceable only by levy and sale of such land, and not stand as a general judgment against the administrator as to any excess. But no such questions as these were properly raised.

*Judgment affirmed. All the Justices concur, except Fish, C. J., absent.*