BALDWIN, next friend, *v.* ATLANTA JOINT STOCK LAND BANK *et al.*

ATLANTA JOINT STOCK LAND BANK *v.* BURCH *et al.*

Nos. 13070, 13099.    February 13, 1940.

*R. Earl Camp,* for plaintiff.

*Blackshear & Blackshear,* for defendant.

Reid, Chief Justice. On June 30, 1926, William E. Burch executed a deed to land to secure a debt to the Atlanta Joint Stock Land Bank. When the debt fell due and was unpaid the bank proceeded to foreclose the deed under the power of sale contained therein. Thereupon Miss Jessie Burch by next friend (she being sui juris, but alleged to be mentally afflicted) instituted suit against the bank, Mrs. Jennie Burch, William E. Burch, Henry L. Burch, Ilah Burch, Emily Burch, and Celestia Burch, for cancellation of deeds, injunction against the sale of the property by the bank, and for a decree declaring title to one-eighth undivided interest in said property to be in her. The plaintiff alleged in substance that she had title to one-eighth undivided interest in the land, and that a deed to the land executed on June 14, 1926, to William E. Burch by the the individual defendants, who together with William E. Burch were the owners of the remaining interest therein, and by Mrs. Jennie Burch acting as her guardian, was as to her void and did not operate to convey her interest therein, for the reason that at the time it was executed she was a minor and no order of court was obtained therefor as required by law. The bank was the only defendant that appeared and filed answer, and at the trial the judge directed a verdict in its favor. The plain-

tiff excepts to the overruling of her motion for new trial, and the bank in a cross-bill excepts to the overruling of its demurrers.

■ The plaintiff's action is based upon the premise that she held title to one-eighth undivided interest in the land at the time Mrs. Burch, acting as her guardian, executed the deed thereto in favor of William E. Burch. Her claim of title to or interest in the land appears to be twofold. First, that she and the individual defendants inherited the property from J. B. Burch who died in June, 1925, and, second, that in July, 1925, she and said defendants paid off a certain security deed which had been executed by the deceased to the Penn Mutual Life Insurance Company (hereinafter referred to as the insurance company), and by proper transfer became the joint legal owners thereof. These claims, however, are controverted by the facts disclosed. It appears that J. B. Burch, the father of plaintiff, owned the land and in 1919 conveyed it to the insurance company to secure a loan. Thereafter in May, 1924, he conveyed it by warranty deed to Roger Burch. In July of the same year Roger Burch conveyed it to Mrs. Jennie Burch, who in turn on January 14, 1926, conveyed it to William E. Burch. These deeds were duly recorded and their genuineness and validity are not questioned. It accordingly affirmatively appears that John B. Burch at the date of his death held no title to or interest in the land which could have descended to plaintiff as an heir. An owner of property may, after the execution of a security deed, convey his equity of redemption to a third person, and upon doing so he has no further title or interest therein. *Chason* v. *O'Neal*, 158 *Ga.* 725 (2) (124 S. E. 519) ; *Williams & Bessinger* v. *Foy Mfg. Co.,* 111 *Ga.* 856 (36 S. E. 927).

■ The plaintiff's remaining claim of title to or interest in the property is under a purported transfer by the insurance company to her and the individual defendants of the security deed executed to it by the deceased. In this connection it appears that plaintiff's father was the holder of an insurance policy issued by the insurance company, which was in excess of the amount due under the security deed. The plaintiff and the individual defendants were named in the policy as the beneficiaries, but the insured had executed an assignment of the policy to the insurance company as further security for the debt. After the death of the insured the insurance company issued a check in the amount of the policy pay-

able to the beneficiaries, which was indorsed to the insurance company (Mrs. Burch acting for the plaintiff as her guardian) for the purpose of paying off the loan due it by the deceased. The insurance company retained out of the check the amount due on the loan and paid the beneficiaries the difference. Five days thereafter the insurance company assigned the security deed to plaintiff and the individual defendants.

A policy of life insurance is a chose in action and assignable by the insured as security for a debt under Code, §§ 56-903, 85-1803, prior to his death. *Steele* v. *Gallin,* 115 *Ga.* 929 (42 S. E. 253, 59 L. R. A. 129) ; *Morris* v. *Ga. Loan, Savings &c. Co.,* 109 *Ga.* 12 (34 S. E. 378, 46 L. R. A. 506) ; *Exchange Bank of Macon* v. *Loh,* 104 *Ga.* 446 (31 S. E. 459, 44 L. R. A. 372). Where the insured names a third person as beneficiary in a policy of life insurance the general rule as to the assignment of the policy is that, if he reserved the right in the policy to change the beneficiary, he may assign it without the consent of such beneficiary, but if no such reservation is made, the assignment can not be legally made unless the consent of the beneficiary be obtained. *Farmers State Bank* v. *Kelley,* 155 *Ga.* 733 (3) (118 S. E. 197) ; *Hawkes* v. *Mobley,* 174 *Ga.* 481 (163 S. E. 494). While it does not appear that the policy reserved to the insured the right to change the beneficiary therein, since he made an assignment thereof the regularity of the transaction will be presumed in the absence of a showing to the contrary. If the assignment of the policy by the insured was valid, it follows that the debt secured by the deed was not paid by the plaintiff and the individual defendants with funds belonging to them, but that it was paid with funds that had been legally assigned to the insurance company by the deceased. The effect of the assignment was to vest legal title to the policy in the insurance company to the amount of the debt secured. In other words, it operated to change the beneficiaries in the policy to that extent. *Exchange Bank of Macon* v. *Loh,* supra; *Sprouse* v. *Skinner,* 155 *Ga.* 119 (116 S. E. 606) ; *Rattray* v. *Banks,* 31 *Ga. App.* 589 (121 S. E. 576). Under these facts the legal effect of the application of a sufficiency of the proceeds of the policy to cover the debt was to satisfy it and render the deed given to secure its payment functus officio, and no matter what form the transaction may

have taken, the insurance company could not by assignment keep the debt and deed in life.

The result of what has been ruled above is that the judge directed the only legal verdict that could have been had in the case. Since these rulings dispose of the case, it is unnecessary for us to determine what would have been the rights of the plaintiff had she been the lawful transferee of the security deed executed by the deceased to the insurance company, and whether those rights would embrace the character of relief sought in the petition.

*Judgment affirmed on the main bill of exceptions. Cross-bill dismissed. All the Justices concur.*