20479. PARRAMORE *v*. WILLIAMS, Receiver, *et al.*
20480. PARRAMORE *v*. WILLIAMS, Receiver, *et al.*

ARGUED MAY 11, 1959—DECIDED JUNE 5, 1959—
REHEARING DENIED JULY 8, 1959.

180

*Tillman & Brice*, for plaintiffs in error.

*Eberhardt, Franklin, Barham & Coleman, H. C. Eberhardt, C. J. Taylor, W. W. Rehberg, R. E. Bradford, H. B. Edwards, Jr., B. Lamar Tillman, Ben F. Johnson, Jr., Deputy Assistant Attorney-General*, contra.

HEAD, Justice. ■ A policy of life insurance is a chose in

action and may be assigned by the insured as security for a debt, under Code §§ 28-301, 56-903, and 85-1803, and generally the effect of such an assignment is to vest legal title to the policy in the assignee to the amount of the debt secured. *Exchange Bank of Macon* v. *Loh,* 104 *Ga.* 446 (31 S. E. 459); *Morris* v. *Georgia Loan, Savings &c. Co.,* 109 *Ga.* 12 (34 S. E. 378); *Sprouse* v. *Skinner,* 155 *Ga.* 119 (116 S. E. 606); *Baldwin* v. *Atlanta Joint Stock Land Bank,* 189 *Ga.* 607, 609 (7 S. E. 2d 178); *Chapman* v. *Lipscomb-Ellis Co.,* 194 *Ga.* 640, 643 (22 S. E. 2d 393); *Wages* v. *Wages,* 202 *Ga.* 155, 162 (42 S. E. 2d 481).

An assignment, however, "for value received" and which recites that "this is an absolute assignment" is an absolute assignment "as against the original beneficiary," and the insured under such an assignment would have "no interest in the policy after assignment." *New York Life Ins. Co.* v. *Hartford Accident &c. Co.,* 181 *Ga.* 55, 58 (181 S. E. 755).

The alleged cash surrender value of the policies here involved, and assigned to the bank, is less than the amount of the debt alleged which the policies were assigned to secure. A debtor may transfer choses in action as collateral security, the surplus in such cases not being reserved for his own benefit. Code § 28-301. "Under the facts alleged, the bank has the right under the assignment to elect to pay off the note from the proceeds of the policy without first exhausting the. other security. The beneficiary, having only a divestible interest which is not a vested right, has been, in effect, divested of this interest by the assignment subject to the payment of the debt." *Ruis* v. *Bank of Albany,* 213 *Ga.* 41 (96 S. E. 2d 580).

The rights of the beneficiary in the present case (Mrs. Parramore) and the rights of the debtor (James A. Parramore) having been subjected by the assignment to the full amount of the debt secured by the assignment of the policies (which debt exceeded the value of the policies), they have no further interest in such policies, and no rights to assert as to these policies in the receivership proceedings.

■ Property of the wife shall not be liable for the. payment of any debt, default, or contract of the husband. Code § 53-502. While the wife may contract, she may not bind her separate es-

tate by any contract of suretyship, nor by any assumption of the debts of her husband. Code § 53-503. "If the debt is the husband's the wife can not assume its payment, either by promising to pay the debt as surety, or by pledging her property to pay it." *Magid* v. *Beaver,* 185 *Ga.* 669, 677 (196 S. E. 422). "The plaintiff as a married woman was incapable in law of entering into a contract of suretyship, and this incapacity on her part prevented her from conveying her property as security for this debt." *Cleaveland* v. *LaGrange Banking &c. Co.,* 187 *Ga.* 65, 69 (200 S. E. 137).

In the present case, the wife alleges that, as to the loan negotiated with First State Bank, she was surety for her husband. For the purposes of the demurrer this allegation is treated as true. Under the prohibition imposed by our statutes, the wife could not bind her separate estate by any contract of suretyship for the obligation of her husband. There being no liability on such a contract as against the wife, she can not be subrogated in law to the claims of First State Bank against the receiver for her husband. Her action in paying the debt of her husband as surety for him was payment without legal obligation, and she stands in no better position as to legal subrogation than that of a mere stranger or volunteer. A mere volunteer paying the debt of another is not entitled to claim legal subrogation for the amount of such payment. *Wilkins, Neely & Jones* v. *Gibson,* 113 *Ga.* 31, 42 (38 S. E. 374); *Callan Court Co.* v. *Citizens & Southern Nat. Bank,* 184 *Ga.* 87, 134 (190 S. E. 831), and cases cited. See also *Erwin* v. *Brooke,* 159 *Ga.* 683, 685 (126 S. E. 777).

*Judgment affirmed in both cases. All the Justices concur, except Wyatt, P. J., who dissents from the ruling in division 2 of the opinion and from the judgment of affirmance.*