44025. PENDLEY v. BROOKS, Administrator, et al.

Submitted October 8, 1968—Decided March 3, 1969.

*Bert N. Garstin,* for appellant.

*Howard T. Overby, Palmour & Palmour, J. E. Palmour, Jr., Boling & Neville, Leon Boling,* for appellees.

QUILLIAN, Judge. In his order the trial judge found that the interest of the plaintiff under his warranty deed to secure debt lay entirely against a one-ninth distributive share of the proceeds from the sale of the dower land by the defendant administrator. This was predicated on the plaintiff's pleadings which sought one ninth of the net distributive amount of the proceeds and was a holding that any right to the land under the deed to secure debt had been cut off by the administrator's sale and that the sole interest covered by the security deed was in the proceeds. Consequently, in the second part of the order the trial judge permitted the plaintiff's interest in the proceeds to be divested upon payment in full of the amount secured by the deed to secure debt, plus interest.

Error is assigned on the second part of the order by the plaintiff who contends that the defendants could not redeem the property and that, in any case, he could be divested of his interest only by payment of the note for $490.32 with interest.

In determining the validity of the second portion of this order, we point out that the first order, being unappealed from, became the law of the case and binding on this court in determining the rights of the parties. In this posture, since the interest of the grantee to the security deed was in the proceeds, it must follow that any remaining interest of the grantor (and thus the interest of the heirs of the grantor, the intervenors) would be in the proceeds. The grantor in a deed to secure debt retains the right of possession and the right of redemption by payment of the debt, and, consequently, an equitable interest in the property which may be assigned or subjected to payment of his debts. *Citizens Bank of Moultrie v. Taylor,* 155 Ga. 416 (1) (117 SE 247), and *Groves v. Williams,* 69 Ga. 614.

While the right of redemption normally goes with the land (see *Lufburrow v. Newton,* 34 Ga. App. 325 (129 SE 439), *Royal v. Edinburgh-American Land &c. Co.,* 143 Ga. 347 (85 SE 190), and *Baldwin v. Atlanta Joint Stock Land Bank,* 189 Ga. 607 (7 SE2d 178)), in view of the peculiar circumstances of this case and the ruling of the trial judge that the plaintiff's security deed entitled him to share in the proceeds of the administrator's sale, the defendants would have the right to divest the plaintiff of his interest in the proceeds by payment of the debt in full. Since there was evidence showing that the original amount of the debt was $200, the trial judge did not err in providing that the plaintiff's one-ninth interest in the proceeds might be divested upon payment in the sum of $200 plus interest.

As regards the argument that the note for $490.32 must be paid, there is no conclusive showing that it was the note secured by the loan deed.

*Judgment affirmed. Bell, P. J., and Hall, J., concur.*