### 70519. PITTMAN v. MAXWELL et al.
(332 SE2d 683)

BANKE, Chief Judge.

The plaintiff, as executrix of the estate of her late husband, Walter Pittman, brought this action against Connecticut Mutual Life Insurance Company and its agent Corrie Maxwell, asserting a claim by the estate to a portion of the proceeds of a $100,000 life insurance policy on Walter Pittman's life. This appeal follows a grant of summary judgment to both defendants. (Although the Farmers and Merchants Bank of Washington and the U. S. Small Business Administration were impleaded as third-party defendants, the plaintiff concedes that she has asserted no claim against them in this action, and they are not parties to this appeal.)

The relevant facts are not in dispute. The deceased, Walter Pittman, assigned the $100,000 policy in question, and its predecessor policy, to the Farmers and Merchants National Bank, which in turn assigned the policy to the Small Business Administration as collateral for a loan. Upon his death, the proceeds of the policy were paid to the assignee. The plaintiff does not contend that the estate is entitled to the entire proceeds of the policy. She does contend that because of an alleged contract for the sale of some of the assets of her husband's printing business, the indebtedness which the policy secured was less than the amount of the proceeds of the policy and that the defendants must pay her the difference. *Held*:

1. "A policy may be assignable or not assignable, as provided by its terms. Subject to its terms relating to assignability, any life or ac-

cident and sickness policy issued under the terms of which the beneficiary may be changed upon the sole request of the policy owner may be assigned either by pledge or by transfer of title by an assignment executed by the policy owner alone and delivered to the insurer, whether or not the pledgee or assignee is the insurer. Any assignment shall entitle the insurer to deal with the assignee as the owner or pledgee of the policy in accordance with the terms of the assignment until the insurer has received at its home office written notice of termination of the assignment or pledge or written notice by or on behalf of some other person claiming some interest in the policy in conflict with the assignment." OCGA § 33-24-17.

The assignment executed by Walter Pittman provides: "Insurer provides this form solely for the convenience of its policyholders, and is not responsible for its validity or effect. The insurer is hereby authorized to recognize the assignee's claim of right hereunder without investigating the validity or reason therefor, the giving of notice, or the existence or amount of any liability of the assignor to the assignee. The sole signature of the assignee shall be sufficient for the exercise of any rights under the policy assigned hereby, and the payment to the exclusive order of the assignee and the receipt thereof, shall be a full discharge and release to the insurer."

Based upon the statute and the language of the assignment, the defendants were clearly authorized to pay the proceeds of the policy to the assignee. See *Parramore v. Williams*, 215 Ga. 179 (109 SE2d 745) (1959); *Ruis v. Bank of Albany*, 213 Ga. 41 (96 SE2d 580) (1957). If the plaintiff has a claim concerning the alleged sale of her husband's assets, it is clear that such a claim does not involve these defendants, whose obligation ended upon payment of the policy proceeds to the assignee.

2. The complaint contains a separate count alleging that defendant Corrie Maxwell acted in bad faith concerning the insurance transaction in dispute. However, as the plaintiff has presented no argument or citation of authority concerning the grant of summary judgment with respect to this count of the complaint, that portion of the court's ruling is not before us for review.

*Judgment affirmed. McMurray, P. J., and Benham, J., concur.*

DECIDED JUNE 12, 1985.

*Walton Hardin*, for appellant.

*Bobby J. Wright, Gould B. Hagler, B. Anne Smith, Henry L. Whisenhunt, Jr., Jean W. Pierce*, for appellees.