72334. PROGRESSIVE RURAL TELEPHONE COOPERATIVE, INC. v. AUSTIN et al.
(345 SE2d 113)

BANKE, Chief Judge.

The appellees, Mr. and Mrs. Austin, sued the appellant, an independent telephone company, to recover damages for a severe eye injury sustained by Mr. Austin when he was struck by a small fragment of copper wire while operating a gasoline powered rotary lawn mower adjacent to one of the company's telephone poles. This appeal follows the entry of judgment on a jury verdict in favor of the Austins in the amount of $40,000.

The telephone pole was located next to a state highway, upon land comprising part of the state's right-of-way. The property adjoining the right-of-way on the side of the highway where the pole was located was leased by the Austins and was the site of a ceramic shop operated by Mrs. Austin. The evidence, construed in favor of the verdict, was sufficient to support an inference that the wire fragment which struck Mr. Austin was part of some debris which had been left at the site by phone company personnel approximately three weeks earlier, when a work crew had replaced a portion of the cable attached to the pole.

The lawn mower Mr. Austin was using was approximately ten years old and had been purchased by him used. It was designed to have protective guards or deflectors over the side discharge opening and the rear portion of the blade housing; however, these protective devices had been removed from the mower prior to Mr. Austin's acquisition of it. Additionally, the rotary blade protruded slightly below the housing, a condition which an expert witness called by the phone company described as giving rise to a "very hazardous situation." *Held*:

1. The trial court did not err in denying the phone company's motions for directed verdict and for judgment notwithstanding the verdict. The appellant's general manager admitted that it was a common occurrence for people to mow the grass around its poles, and he testified that it was the company's policy to remove any debris which might fall to the ground during the performance of repair or installa-

tion work. Under such circumstances, a jury issue was presented as to whether the company should have anticipated that if a piece of wire were left on the ground at a job site in a grassy area, someone might, in the normal course of events, run over it with a rotary lawn mower and be injured as a consequence. Accord *Collins v. Altamaha E.M.C.*, 151 Ga. App. 491 (1) (C) (260 SE2d 540) (1979). See also *Taylor v. Atlanta Gas Light Co.*, 93 Ga. App. 766 (1) (b) (92 SE2d 709) (1956) (where, in sustaining the grant of a general demurrer against a plaintiff injured in a similar accident, this court held, by implication, that had the petition been properly worded, it would have alleged a cause of action against the defendant utility company.)

The issue of whether and to what extent Mr. Austin's injury proximately resulted from his own negligence in failing to wear protective goggles and in operating the mower without the protective guards or deflectors in place was similarly one of fact rather than law. " 'Whether the plaintiff exercised the care which a prudent person in [his] condition and in the same or similar circumstances would exercise, and whether the plaintiff under the circumstances was so careless for [his] own safety as to lose [his] right to recover . . . are questions for the jury. . . .' *Crawford W. Long Memorial Hospital v. Hardeman*, 84 Ga. App. 300, 304 (66 SE2d 63) (1951)." *Doctors Hosp. of Augusta v. Poole*, 144 Ga. App. 184 (2), 185 (241 SE2d 2) (1977). We thus hold that the evidence was sufficient to support the verdict in this case.

2. The trial court did not err in admitting into evidence a collection of wire fragments and other debris which the Austins testified they had found in the immediate vicinity of the telephone pole upon making an inspection of the area some ten weeks after the accident. One of the appellant's employees testified that the material looked like "telephone stuff" to him, and none of the appellant's employees who testified was able to state positively that the debris did not contain telephone wire. "When facts are such that the jury, if permitted to hear them, may or may not make an inference pertinent to the issue, according to the view they may take of them, in connection with the other facts in evidence, they are such that the jury ought to be permitted to hear them. (Cits.)" *Ackerman/Adair Realty Co. v. Coppedge*, 155 Ga. App. 903, 907 (2) (273 SE2d 645) (1980).

3. The appellant objected to the following questioning of its manager on cross-examination on the ground that the questions were hypothetical in nature and were not premised on matters in evidence: "Q. Mr. Mullis, if that wire, if anybody from Progressive Rural left that wire out there they would have been violating your rules, wouldn't they? A. Absolutely. Q. And that would have been a violation of the supervisor's responsibility to allow that to be left out there? A. That's very true."

These questions did not seek to elicit an opinion based on a hypothetical set of facts but simply sought clarification of the company's policies and procedures with respect to the removal of debris from job sites, a subject matter upon which the company's manager was obviously competent to testify. The objection was thus without merit and was properly overruled.

4. We have carefully examined the remaining enumerations of error and have concluded that they establish no ground for reversal.

*Judgment affirmed. Birdsong, P. J., and Sognier, J., concur.*

DECIDED MAY 2, 1986 —
REHEARING DENIED MAY 13, 1986 —

*Lawton Miller, Jr., Morris S. Robertson*, for appellant.
*James V. Hilburn*, for appellees.