A94A1169. COTTON STATES MUTUAL INSURANCE
COMPANY v. HAIRE et al.
(449 SE2d 161)

McMURRAY, Presiding Judge.

Pamela M. Haire and James E. Haire (plaintiffs) initiated this action on a homeowners' insurance policy issued by defendant Cotton States Mutual Insurance Company ("Cotton States"), alleging that they were the "owners of the [residential] property insured[; that on] December 2, 1990, while said policy was in force and effect, said property was totally destroyed by fire[; . . . and that while] Defendant paid $26,888.39] to mortgagees of said property, Defendant has failed to pay for Plaintiffs' loss . . . [in] the sum of $32,611.61 as provided for in said policy[.]" Cotton States answered and defended in part on the ground that "Plaintiff, James E. Haire, did not have a contract of

insurance with the Defendant and Plaintiff, James E. Haire, is not an insured under the terms of the policy issued to [Plaintiff] Pamela M. Haire. . . ." By way of further response, Cotton States claimed that "Plaintiff, Pamela M. Haire, was not an owner of the property at the time of the loss, . . . and that Plaintiff, James E. Haire, did not have a policy of insurance on said property and was not an insured under the terms of [Cotton States'] policy."

After discovery, Cotton States moved for summary judgment, supporting its contention that no coverage was afforded to plaintiff James E. Haire with the following undisputed facts: On August 2, 1986, Cotton States issued a property insurance policy covering plaintiffs' marital residence, which was jointly titled in plaintiffs' names. Although only Pamela M. Haire was a named insured, the policy definition of an " '*insured*' means [the named insured] and residents of your household who are . . . your relatives[.]" The policy further provided: "Assignment of this policy will not be valid unless [Cotton States gives] written consent." The Haires were divorced on June 21, 1990. Incorporated into their divorce decree was a settlement agreement which provided in part that they "shall continue to live separate and apart." Pursuant to the settlement agreement, Pamela M. Haire conveyed to James E. Haire "all her right, title, and interest in the property known as the marital residence, . . . [and in return, James E. Haire agreed] that if and when the house is sold, [Pamela M. Haire] shall receive one-half (½) of the net equity not to exceed $1,500.00." James E. Haire affirmed that before the divorce, he and Pamela "separated in [December of] '89 . . . [and he] moved out . . . to a separate location." After the divorce, he "moved back [to the insured property] in the first week of July." Pamela M. Haire affirmed that "after July 1st, 1990 [she] never lived in that house again[.]" The fire occurred on December 2, 1990. Pamela M. Haire accepted and cashed "a check from Cotton States . . . for $1,500[,]" containing "a full and complete release by payee of any claims against the payor insurance company for which it is contractually liable under the policy. . . ." Cotton States agreed to pay Pamela M. Haire that amount "due to the fact that she was entitled to it under the divorce decree." After the divorce, neither plaintiff sought to change the name of the policy owner from Pamela M. Haire to James E. Haire. Pamela M. Haire "did not see a need to . . ." request any kind of policy change. James E. Haire "never saw the policy . . . [and] just took for granted that [he] was on the policy." In opposition, plaintiffs contended that the controlling issue as to plaintiff James E. Haire's entitlement to any remaining proceeds under the policy was whether he "had an insurable interest above and beyond the amounts paid by the insurer. . . ." In support of this proposition, plaintiff relied on the authority of *Republic Ins. Co. v. Martin*, 182 Ga. App. 390 (355 SE2d 694).

The trial court granted Cotton States' motion for summary judgment as to plaintiff Pamela M. Haire but denied the motion as to plaintiff James E. Haire, concluding that the "record contains sufficient evidence for a jury to find an insurable interest in Plaintiff, JAMES E. HAIRE." Cotton States' application for interlocutory appeal from the partial denial of its motion for summary judgment was granted by this Court and this appeal followed. *Held*:

Cotton States contends the trial court erred in denying its motion as to plaintiff James E. Haire, arguing that there is no contract of insurance as to James E. Haire's interest in the property because the plaintiffs failed to obtain written consent to change the named insured on the policy from Pamela M. Haire to James E. Haire after their divorce.

" 'The insured may not unilaterally substitute another party to become insured excepting under the provisions of the contract, even if he wished to do so. The insured alone may sue on a policy of insurance. (Cits.) . . . [T]ransfer of the policy of insurance without the consent of the insurer voids the policy. (Cits.)' *Langley v. Pacific Indem. Co.*, 135 Ga. App. 29, 31 (4) (217 SE2d 369) (1975)." *Higdon v. Ga. Farm &c. Ins. Co.*, 204 Ga. App. 192, 194 (419 SE2d 80). In the case sub judice, it is undisputed that James E. Haire is not the named insured on the policy, nor is he any longer a relative in the household of the named insured. Plaintiffs admit that they did not seek the insurer's written consent to substitute James E. Haire as the named insured on the policy in accordance with the contractual provisions. Consequently, James E. Haire is not a beneficiary of this policy of insurance and may not sue on it. The fact that he has an insurable interest in the realty specified in the policy is a necessary precondition to recovery under any policy of insurance but is not in itself sufficient to authorize a recovery under this specific policy. In this regard, the trial court misapprehended the pertinent inquiry and erred in denying Cotton States' motion for summary judgment as to plaintiff James E. Haire. Plaintiff's reliance upon *Republic Ins. Co. v. Martin*, 182 Ga. App. 390 (1), supra, is misplaced. That case is not binding precedent but is physical precedent only. Georgia Court of Appeals Rule 35 (b). Moreover, in *Martin*, an effort was made to direct the insurer "to endorse the fire insurance policy on the property to reflect [the assignee ex-spouse] as the named insured. . . ." 182 Ga. App. 390 (1), 391, supra. That attempt in *Martin* to change the named insured in compliance with the contractual requirements is sufficient to distinguish that case from the case sub judice.

*Judgment reversed. Pope, C. J., and Smith, J., concur.*

Decided October 6, 1994.

*Bowles & Bowles, Jesse G. Bowles III,* for appellant.
*Frank T. Bell,* for appellees.