Lynde v. Ross Environmental Assoc. Inc., No. 498-10-02 Wmcv  (Carroll, J., Mar. 15, 2005)

[The text of this Vermont trial court opinion is unofficial. It has been reformatted from the original. The accuracy of the text and the accompanying data included in the Vermont trial court opinion database is not guaranteed.]

[Karen R. Carroll, Judge, Mar. 15, 2005]

**STATE OF VERMONT**
**WINDHAM COUNTY, SS**

**GARY LYNDE**
    **Plaintiff,**

            **v.**                                **WINDHAM SUPERIOR COURT**
                                                **DOCKET NO. 498-10-02Wmcv**

**ROSS ENVIRONMENTAL**
**ASSOCIATES, INC. and**
**ROBERT J. ROSS, individually,**
    **Defendants.**


**ORDER ON MOTION *IN LIMINE***


        This is a claim for negligence and breach of statutory and regulatory duties in connection

with an eye injury Mr. Lynde suffered while constructing a well under Defendants' oversight.

Defendants seek to establish contributory negligence, in part, by pointing to Mr. Lynde's failure

to wear safety goggles.  According to Plaintiff, only an expert can provide the testimony needed

to establish a causal relationship between his failure to wear eye protection and the injury he

received.  Pointing to Defendants' failure to identify an expert for this purpose,[1] Plaintiff moves

*in limine* to exclude all testimony pertaining to his use or nonuse of safety goggles and whether

this would have had any effect on his injury.

---

[1]Defendants did make a tardy effort to disclose an expert on causation which was

The relevant facts are as follows. Mr. Lynde is an experienced, professional well driller and the owner of Lynde Well Drilling, Inc.. Lynde Well Drilling, Inc. was hired by Ross Environmental Associates, of which Mr. Ross is a principal and agent, to drill and install a well in Guilford. While Mr. Lynde was in the process of pumping a cement and bentonite grout mixture into the new well through a tremie pipe, the tremie pipe clogged. When he dislodged the obstruction, back pressure forced the formerly clogged grout out of the pipe into his right eye. According to his treating physician, the injury to Mr. Lynde's eye was caused both by physical pressure and by chemical reaction. At the time of injury, Mr. Lynde was not wearing safety goggles.

Under Rule 402 of the Vermont Rules of Evidence, evidence which is not relevant is not admissible. To be relevant, evidence must have a tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence. V.R.E. 401. Plaintiff contends that any evidence of use or nonuse of safety goggles will be irrelevant without expert testimony to analyze the forces, angles and physical properties inherent in the sprayed cement mixture and to give a qualified opinion on how eye protection would have helped or even hurt him. If Defendants cannot prove that the failure to wear goggles would have prevented or reduced Plaintiff's injury, then the Court agrees that the issue of goggle use is not relevant, thus inadmissible.

Notwithstanding their ability to prove that Plaintiff had a reasonable duty of care to wear safety goggles, Defendants must be able to prove that Plaintiff's failure to wear safety goggles proximately caused his injury. Lee v. Wheeler, 130 Vt. 624, 626 (1972)("Contributory

withdrawn over Plaintiff's objection.

negligence does not bar, nor under 12 V.S.A. § 1036, reduce recovery, unless it is the proximate cause, or a part thereof, of the accident."). Defendants bear the burden of proof on this issue. Id. In many cases, proximate cause can be proven with facts that any layperson of average intelligence would know. Burton v. Holden & Martin Lumber Co., 112 Vt. 17, 19 (1941). In other cases, the physical processes at work "are obscure and abtruse, and concerning which a layman can have no well founded knowledge and can do no more than indulge in mere speculation, there is no proper foundation for a finding by the trier without expert... testimony." Id. The evidence must be such that proximate cause can be based on "something more than a possibility, suspicion or surmise that such was the cause, and the inference from the facts proved must be at least the more probable hypothesis, with reference to the possibility of other hypothesis." Id. at 20.

Defendants contend that expert testimony is not needed to prove contributory negligence in this case.[2] They rely on evidence that Mr. Lynde did not suffer injuries anywhere other than in his right eye for proof that the cement mixture did not explode out of the tremie pipe with sufficient force or volume to overwhelm the protective features of ordinary safety goggles. They would also rely on the description of the accident in an insurance claim report filed the day after the accident but have not provided an adequate bases for its admissibility.

Defendants also cite a number of cases involving failure to wear eye protection in various contexts. These cases confirm the general relevance of a plaintiff's decision not to wear safety goggles during an activity where eye injury is possible, but none of them discuss the specific

---

[2]In the alternative, Defendants have suggested that expert Mark Zork can supply the needed testimony. While he may be qualified to testify on the question of duty to wear eye

3

issue Plaintiff raises concerning the kind of evidence with which proximate cause must be established. In two cases where paintball was alleged to be an ultrahazardous activity, it was undisputed that eye protection could reduce the risk of injury. See Goldhirsch v. Majewski, 87 F. Supp. 2d 272 (S.D.N.Y. 2000)( paintball not abnormally dangerous because risk of serious harm can be eliminated with use of safety goggles); Taylor v. Hesser, 991 P.2d 35 (Okla. Ct. App. 1998)(undisputed that high degree of risk is eliminated by exercise of reasonable care in wearing protective goggles). In two other cases the courts noted that proximate cause was an issue for the jury on the question of contributory negligence. See Ross v. San Francisco Unified School Dist., 260 P.2d 663, 668 (Cal. Ct. App.1953)(reversing defendant's summary judgment); Progressive Rural Telephone Cooperative, Inc. v. Austin, 345 S.E. 2d 113, 114 ( Ga. Ct. App. 1986)(affirming plaintiff's verdict) . Two cases did mention the existence of an expert witness for the defendant- although neither specified the scope of that witness's testimony. See Bengert v. Estwing Manufacturing Co., Inc., 1989 WL 20985 at 2 (D.Kan. 1989); Tripolone v. Genova Products, Inc., 1997 WL 583120 at 2 (N.D.N.Y. 1997). Two others never reached the question of proximate cause because the court found defendant had no duty to protect the plaintiff. Myers v. Dronet, 801 So. 2d 1097 (La. App. 3 Cir. 2001); Jarvis v. Eastman, 202 A.D. 2d 826 (N.Y. App. Div. 1994).

Two of the cited decisions do discuss burden of proof issues. In Rogers v. Gracey-Hellums Corp., 331 F. Supp 1287, 1290 (E.D. La. 1970), on the question of duty, the federal district court determined that goggles were the plaintiff's best protection from injury rejecting plaintiff's argument, for lack of evidence, that a shield had been required. Interestingly, while

protection, the Court finds no indication he is qualified on the issue of proximate cause.

4

the court did not explain what evidence it had relied on, it noted:

> [T]here is no evidence that the use of a shield would have prevented the accident. The trajectory of the sliver [that injured plaintiff] is unknown, and there is no suggestion of the type or configuration of shield which plaintiff suggests. So there is no way of knowing if a shield would have deflected the sliver.

Id. And again, in Lotti v. Benjamin Sheridan Corp., No. 1:95-CV-522-FMH, 1996 U.S. Dist. Lexis 12383 (N.D. Ga. 1996), a products liability case where it was plaintiff's burden of proving that a paint ball gun could be designed more safely, the court remarked that plaintiff had failed to produce any evidence that a paint ball gun which fires with less force would be safer for an individual not wearing eye protection. Id. at 10-11. Both of these cases suggest that who ever bears the burden of proof must meet it with evidence that addresses more specifics than a lay person is capable of.

In a case which did expressly consider the necessity for expert testimony, the Arkansas Supreme Court determined that lay testimony alone is insufficient to establish proximate cause concerning the failure to use safety goggles. Skinner v. Griffin & Co., 855 S.W. 2d 913 (Ark. 1993). The Skinner court found a comparative fault instruction unwarranted where there was no testimony that goggles would have either prevented or reduced the damage to plaintiff's eye. Id. at 915-16. It rejected defendant's position that "[i]t takes no expert to demonstrate that any decent protective eyewear would have prevented the string from striking appellant's eye, in which event, no such injury could have possibly occurred." Id. at 915.

> Assuming goggles were available and practical to wear, the proof did not show whether they would have prevented the string or the stake from entering from the side of the glasses; whether the whipping force of the string and stake, if coming from the front, would have broken or shattered the glasses; to what extent, if any, the glasses would have reduced or eliminated the injury if they had only slowed the string whipping from the side; or to what extent, if any, the glasses would

5

have reduced the injury if they had not shattered or broken if the force was from the front.  Thus, a causal connection between the failure to wear some unspecified type of goggles and the injury to plaintiff's eye was not established beyond mere conjecture and speculation.

Id.

Similarly, in Garrett v. Desa Industries, 705 F. 2d 721 (4th Cir. 1983), the Fourth Circuit Court of Appeals reversed a defendant's trial verdict in a stud driver case because, in part, the court had allowed the jury to consider the plaintiff operator's nonuse of safety goggles in determining contributory negligence.  Defendant Desa Industries had not presented any direct testimony on the safety goggles and failed to demonstrate "that Garrett's eye injury could have been avoided or would have been less severe had he been wearing goggles." Id. at 726.  In a concurring opinion that illustrates that, where it is not conceded, the question of proximate cause is highly technical, one justice opined:

> I suppose that the safety goggles were designed and intended to prevent any injury from flying metal fragments, within certain limitations of size and velocity. The difficulty in this case, however, is that there is no proof of that, nor is there proof of the velocity at which the metal fragment was flying at the time it entered the plaintiff's unprotected eye or any relation of data respecting the size and velocity of that fragment to the design capabilities of safety goggles.

Id. (Haynsworth, S.C.J. concurring).  Although the opinion does not specify, it is clear from the way the court describes the missing evidence that only a qualified expert witness could supply it.

Having considered the evidence in the current dispute and the law outlined above, the Court concludes that Defendants will not be able to meet their burden of proof on the question of proximate cause.  Defendants' contention that goggles would have prevented Mr. Lynde's injury is a theory based on a hypothesis that an average juror could not reasonably evaluate.  As the concurring justice reasoned in Garrett, even though one might suppose that goggles were meant

6

to prevent this kind of injury, there is no proof to establish that the injury Mr. Lynde suffered actually was of the kind which goggles can prevent. There is no proffer of evidence concerning the kind of goggles Mr. Lynde would have worn nor reliable indication of the force or angle with which the cement mixture reached his eye. Even if these facts were known, uncertainty remains. Perhaps the cement would have compromised the position of his safety goggles, perhaps the glasses would have sustained the force but permitted cement to leak on to Mr. Lynde's face. Possibly the force was great enough to shatter the glasses and cause different kinds of injury. In light of these various possibilities, any conclusion that the lack of goggles proximately caused Mr. Lynde's injuries would be speculative.

Accordingly, the Court concludes that any evidence relative to the use or nonuse of safety goggles is not relevant to Plaintiff's cause of action and **GRANTS** the Motion *in Limine*.

Dated:

_____
Karen R. Carroll
Presiding Judge

7